AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☑ INFORMATION   ☐ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

Counts 1-3: 18 U.S.C. sec. 1030(a)(2)(B) &(c)(2)
(A) - Exceeding Authorized Computer Access

☐ Petty
☐ Minor
☑ Misde-meanor
☐ Felony

PENALTY:
1 year imprisonment, $100,000 fine, 1 year supervised release and a $100 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

— DEFENDANT —

▶ RICHARD G. MACIAS

DISTRICT COURT NUMBER

CR 11 0491

MAG

— DEFENDANT —

IS *NOT* IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   } If "Yes" give date filed
                            ☐ No

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

— PROCEEDING —

Name of Complaintant Agency, or Person (& Title, if any)

Department of State, Office of the Inspector General

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   SHOW DOCKET NO. }
   ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   Melinda Haag
☑ U.S. Attorney   ☑ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Candace Kelly/Maria Lerner (DOJ)

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:   Before Judge:

Comments:



MELINDA HAAG (CABN 132612)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 11 0491 MAG |
| Plaintiff, | ) VIOLATIONS: |
| | ) |
| v. | ) 18 U.S.C. §§ 1030(a)(2)(B) & (c)(2)(A) |
| | ) (Exceeding Authorized Computer Access) |
| | ) (Three Counts) |
| RICHARD G. MACIAS, | ) |
| Defendant. | ) SAN FRANCISCO VENUE |
| | ) |

## INFORMATION

The United States Attorney charges:

**COUNTS ONE THROUGH THREE:**
**(Exceeding Authorized Computer Access, in violation of 18 U.S.C. §§ 1030(a)(2)(B) & (c)(2)(A))**

At all times material to this Information, and incorporated by reference in all counts:

1.    The Department of State is a department and agency within the executive branch of the United States Government.

2.    From on or about May 1987 until on or about May 2011, defendant RICHARD G. MACIAS was employed by the United States Department of State (the "Department of State") at the

INFORMATION
CR-11-

San Francisco Passport Agency in San Francisco, California. From in or about June 1994 through May 2011, defendant MACIAS held the position of Fraud Prevention Manager at the San Francisco Passport Agency.

3.    As the Fraud Prevention Manager, it was defendant RICHARD G. MACIAS's duty to plan and direct a comprehensive anti-fraud program for the San Francisco Passport Agency, and to plan and design programs to detect and prevent passport fraud and identify fraud vulnerabilities and trends.

4.    In the regular course of his employment with the Department of State, defendant RICHARD G. MACIAS had access to official Department of State computer databases, including the Passport Information Electronic Records System (PIERS). This computer database contained passport data and consular personal records maintained by the Department of State Passport Services, including imaged passport applications. The imaged passport applications on PIERS contain, among other things, a photograph of the passport applicant as well as sensitive personal information including the applicant's full name, date and place of birth, current address, telephone numbers, parents' information, spouse's name, and emergency contact information.

5.    Throughout his tenure with the Department of State, defendant RICHARD G. MACIAS was made aware of and understood: (a) the confidential nature of PIERS and the confidential personal data contained therein; (b) the information contained in the passport records maintained by the Department of State in PIERS is protected from unauthorized disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a; and (c) passport applications maintained by the Department of State in PIERS should be accessed only in connection with an employee's official government duties and not the employee's personal interest or curiosity.

6.    Upon logging onto PIERS, the following warning banner was displayed to defendant RICHARD G. MACIAS: "You are permitted access to passport and consular personal records on a need to know basis. Whether viewed or printed via PIERS, these are privileged records and are subject to the provisions of the Privacy Act of 1974. They are not public records and may be released for use outside of the Department of State only in accordance with applicable Department regulations. As a user of PIERS you are responsible for the protection of the record subject's

INFORMATION
CR-11-                                                    2

**1** privacy. DO NOT REPRODUCE OR PROVIDE COPIES of documents viewed or printed via

**2** PIERS for use outside of the Department of State. Unauthorized release of these documents to

**3** non-Department staff may be subject to penalty of Federal law." To gain access to the PIERS

**4** database and the passport application files contained therein, defendant RICHARD G. MACIAS was

**5** required to click the icon marked "yes" directly below the following acknowledgment: "I have read

**6** the aforementioned Privacy warning and understand my responsibilities regarding the protection of

**7** passport and consular records."

**8**         7.     Between January 2003 and February 2008, defendant RICHARD G. MACIAS logged

**9** onto the PIERS database on 168 different occasions and viewed the passport applications of 108

**10** celebrities, including actors, models, and musicians. On 88 of those occasions when he viewed

**11** passport applications, defendant MACIAS printed 129 copies of such applications, a number of them

**12** numerous times. Of the 168 occasions when defendant MACIAS viewed the passport applications

**13** of celebrities, 17 of those occasions occurred between August 2006 and February 2008. On those

**14** 17 occasions, defendant MACIAS viewed the passport applications of 13 celebrities and printed 17

**15** copies of the passport applications of 9 of those 13 celebrities. Defendant MACIAS had no official

**16** government reason to access, view, or print any of these passport applications.

**17**         8.     On each these occasions, defendant MACIAS knowingly and intentionally exceeded

**18** his authorized access to Department of State computer files.

**19**         9.     On or about the dates and times listed below, in the Northern District of California

**20** and elsewhere,

**21**                                    RICHARD G. MACIAS,

**22** defendant herein, intentionally accessed a computer without authorization and exceeded his

**23** authorized access to that computer, and thereby obtained information from a department and agency

**24** of the United States; that is, defendant MACIAS, while an employee of the U.S. Department of

**25** State, exceeded his authorized access to that federal agency's PIERS database and obtained

**26** information from the Department of State pertaining to the imaged confidential passport application

**27** files of Celebrity 1, as listed below:

**28**

INFORMATION
CR-11-                                            3

| Count | Approximate Date: | Approximate Time: |
|-------|-------------------|-------------------|
| ONE | Oct. 24, 2007 | 9:18pm |
| TWO | Oct. 29, 2007 | 7:38pm |
| THREE | Nov. 9, 2007 | 5:38pm |

In violation of Title 18, United States Code, Sections 1030(a)(2)(B) & (c)(2)(A)

Dated: 7.19.11

MELINDA HAAG
United States Attorney

MIRANDA KANE
Chief, Criminal Division

Approved as to Form

By: CKelly for
MARIA N. LERNER
Trial Attorney
Public Integrity Section

INFORMATION
CR-11-                                          4